IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GREGG CHARLES LAXEY | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv583 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Gregg Charles Laxey, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Factual Background and Prior Proceedings

In 2003, following a jury trial, movant was convicted of possessing a firearm after having been convicted of a felony. He was sentenced to 180 months imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. *United States v. Laxey*, 91 F. App'x 939 (5th Cir. 2004).

Movant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion to vacate was denied by this court on September 4, 2008. *Laxey v. United States*, No. 1:05cv685. The Fifth Circuit denied movant's request for a certificate of appealability.

### Discussion

After considering the prior proceedings in movant's case, it must be concluded that the current filing is a second or successive motion to vacate, set aside or correct sentence. Pursuant to 28

1

U.S.C. § 2255, a second or successive motion to vacate may only be entertained by a district court if it has been certified by the appropriate court of appeals to be based on either: (1) newly discovered evidence that if proven would prevent any reasonable factfinder from finding the movant guilty of the offense charged or (2) a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

As described above, movant previously filed a motion to vacate, set aside or correct sentence challenging his conviction that was denied on merits. Accordingly, movant must receive permission from the United States Court of Appeals for the Fifth Circuit before he may proceed with a second motion to vacate. As movant does not state he has received such permission, his current filing must be dismissed without prejudice as successive.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed without prejudice for failure to obtain permission fro the Fifth Circuit. A judgment shall be entered in accordance with this memorandum opinion.

In addition, the court is of the opinion that a certificate of appealability should not issue in this matter. Jurists of reason would not find it debatable whether movant has made a substantial showing of the denial of a constitutional right or that a proce-

dural ruling was incorrect.  The issues asserted in the motion to vacate are not worthy of encouragement to proceed further.

    **SIGNED** this the 4 day of **November, 2013.**

                                           Thad Heartfield
                                           United States District Judge